IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–00475–DDD–KMT

REYES MARTINEZ LOPEZ,

      Plaintiff,

v.

SANTINO PUSEDU, in his individual capacity, and
KIRK TAYLOR, individually and in his official capacity as Pueblo County Sheriff,

      Defendants.

---

## ORDER

---

      This matter is before the court on "Plaintiff's Motion to Compel Discovery" [Doc. No. 51]. "Defendants' Response to Plaintiff's Motion to Compel Discovery [Doc. 51] and for Protective Order" [Doc. No. 62] was filed on October 13, 2020, and Plaintiff's Reply [Doc. No. 67] was filed on October 27, 2020.

      Plaintiff requests that Defendants be compelled to provide discovery of "Pusedu's Psychological records prepared at the request of and provided for review to his employer" as well as "all documents relating to the numerous complaints made against Pusedu, including the complaints, incident reports, investigative documents and any disciplinary action taken." (Doc. No. 51 at 15.) Plaintiff's Reply contains a particularized list of 12 items to which he claims a right to receive in addition to two psychological examinations, one pre-employment and one immediately preceding Defendant Pusedu's termination from the Sheriff's Department. (Doc.

No. 67, Ex. 9, "Appendix of Documents Not Yet Produced.") The defendants claim that the "missing" discovery consists only of "(1) Defendant Pusedu's pre-employment psychological evaluation; (2) Defendant Pusedu's psychological fitness-for-duty evaluation performed approximately four (4) years[1] after the subject event; and (3) certain incident reports and "complaints" regarding Defendant Pusedu after the event made a subject of this suit." (Doc. No. 62 at 1-2).

**LEGAL STANDARD**

Civil discovery in the federal courts should, presumptively, be "a self-managed process." *See Federal Deposit Insurance Corp. v. Bowden,* No. CV413–245, 2014 WL 2548137, at *12 (S.D. Ga. June 6, 2014). The Federal Rules of Civil Procedure are premised on the notion that "reasonable lawyers can cooperate to manage discovery without the need for judicial intervention." *See* Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes (2000). The Civil Rules Advisory Committee has warned, however, that "[i]f primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obligated to act responsibly and avoid abuse." *See* Fed. R. Civ. P. 26(g), Advisory Committee's Note (1983). *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 556 (D. Colo. 2014).

The discovery procedures established under the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information. *Witt*, 307 F.R.D. at 558. This broad standard allows parties to

---

[1] Plaintiff correctly notes that this report was actually created approximately 2 years after the incident at the heart of this case, not 4 years later.

discover information necessary to support their case.  *Meeker v. Life Care Ctrs. of America, Inc.,* 2015 WL 5244947, at *2 (D. Colo. Sept. 9, 2015).

Fed. R. Civ. P. 26(b)(1) provides,

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.  See also Pertile v. Gen. Motors, LLC,* No. 15-cv-00518-WJM-NYW, 2016 WL 1059450, at *2 (D. Colo. Mar. 17, 2016).

A party does not have an unfettered or absolute right to conduct discovery of anything and everything, however.  *Meeker,* 2015 WL 5244947, at *2; *see* Fed. R. Civ. P. 26(b)(2)(c). Even so, the party "objecting to discovery must establish that the requested information does not fall under the scope of discovery as defined in Fed. R. Civ. P[.] 26(b)(1)."  *Clay v. Lambert,* 2017 WL 4755152, at *2 (D. Colo. Oct. 20, 2017).  In determining whether a discovery request is both relevant and proportional, a court considers not only technical relevance but also the balancing of the factors set forth in the Rule.  *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1184 (10th Cir. 2009); *Meeker*, 2015 WL 5244947, at *2.

**ANALYSIS**

Plaintiff alleges that on February 23, 2018, "Defendant Pusedu, then a guard at the PCDC [Pueblo County Detention Center], acting in a fit of uncontrolled rage and without any legal justification, body slammed him to the ground, pepper sprayed him repeatedly within inches of his eyes, repeatedly punched him in the neck and face, and then jerked him up from the floor by

his neck" causing him serious and ongoing injuries.  (Doc. No. 51 at 1; Amended Complaint [Doc. No. 12] at ¶ 1.)  Plaintiff claims an excessive force Fourteenth Amendment Due Process violation by Defendant Pusedu (Am. Compl., Count I at ¶ 42) and a separate Due Process violation against Sheriff Kirk Taylor for deliberately indifferent hiring, supervision, and training of Defendant Pusedu and failure to adequately discipline Pusedu, amounting to ratification of Pusedu's conduct on February 23, 2018.  (Doc. No. 12, Count II, at ¶ 43.)  Further, Plaintiff brings claims for assault and battery against both defendants (*id.*, Count III, at ¶ 44) and negligent failure to provide medical treatment to Defendant after the alleged beating against Defendant Taylor (*id.*, Count IV, at ¶ 45).

The main thrust of the motion is to obtain information about former Sheriff's Deputy Santino Pusedu's mental health.  Health-related matters are, of course, almost universally considered to be confidential personal information about an individual.  In this case, however, Plaintiff's allegations are that Defendant Pusedu's mental instability manifested itself in a long and well-documented history of violence toward others, which improperly erupted against Plaintiff on February 23, 2018.  Plaintiff argues that Defendant Sheriff Taylor knew about Defendant Pusedu's alleged emotional/psychological instability via the results of pre-employment psychological testing when he improperly hired Defendant Pusedu.  Thereafter, in the face of Defendant Pusedu's ongoing exhibition of violence, including the assault on then-inmate Martinez, Sheriff Taylor nevertheless retained Deputy Pusedu in a position of power over others without proper supervision and training.

### A.      Pre-employment psychological testing.

In *Denver Policemen's Protective Association v. Lichtenstein,* 660 F.2d 432, 434 (10th Cir. 1981), a police union challenged a state court's decision to require the production of police personnel and staff inspection bureau[2] files on constitutional privacy grounds.  In reviewing whether such sensitive information should be produced as discovery in a civil case, the Tenth Circuit considered "(1) if the party asserting the right has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner." at 435 (citing *Martinelli v. Dist. Court In & For City & Cty. of Denver,* 612 P.2d 1083, 1091 (1980)).  The Tenth Circuit concluded that the officers had a legitimate expectation of privacy in the contents of internal investigation files, because "statements by officers taken in the course of investigation are made with the understanding that they are confidential and will not be used for other purposes."  The court also recognized that "the ascertainment of the truth" is a compelling state interest. at 436.  *See also Dorato v. Smith*, 163 F. Supp. 3d 837, 890–91 (D.N.M. 2015).

The Supreme Court established the federal psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).  There the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Id*.  The Court stated,

> Treatment by a physician for physical ailments can often proceed successfully on
> the basis of a physical examination, objective information supplied by the patient,
> and the results of diagnostic tests. Effective psychotherapy, by contrast, depends

---

[2] Apparently more commonly known as internal affairs.

> upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears.

*Jaffee*, 518 U.S. at 10. The Court determined that "a privilege protecting confidential communications between a psychotherapist and her patient 'promotes sufficiently important interests to outweigh the need for probative evidence.' " *Id.* at 9–10 (*quoting Trammel v. United States*, 445 U.S. 40, 51 (1980)).  In conjunction which this interest, the Court held that for communications to be covered by the psychotherapist-privilege, the communications for which protection is sought must have been made in the course of diagnosis and treatment.  *Id.* at 15.

Obviously, a pre-employment psychological screening, however, is neither a treatment nor a diagnosis of an ailment.  It is a testing protocol to provide information to an employer about whether or not a candidate for employment is likely to be psychologically fit to successfully meet the demands of the job – in this case the demands of a law enforcement related job.  *Dorato,* 163 F. Supp. 3d at 887 (" The results of a psychological examination used in hiring decisions, for example, are not privileged, . . . .")  Therefore, the psychotherapist-patient privilege does not apply to Defendant Pusedu's the pre-employment mental health testing.

In spite of not being covered by this privilege, the pre-employment testing does require candidates' truthful revelations about highly personal matters.  Both the public and the employing law enforcement agency have a vested interest in candidates' candid participation in the screening process in order to ensure quality policing.  *See, Ellis v. Hobbs Police Dep't*, No. CV 17-1011WJ/GBW, 2019WL 5697787, at *4 (D.N.M. Nov. 4, 2019)("It is greatly in the public interest that potential [  ] officers answer questions honestly and openly during their pre-employment psychological evaluations."); *Gavins v. Rezaie*, 2017 WL 3218506, at *2–3 (S.D. Fla. July 28, 2017); *Caver v. City of Trenton*, 192 F.R.D. 154, 163 (D.N.J. 2000)).

In a pre-employment psychological evaluation, however, the subject of the test has a greatly lessened expectation of privacy in the testing and the testing results; the individual is taking the test knowing that it will be reviewed by supervisors and others in the entity to which he or she is applying for employment.  In *Dorado*, the Kansas District Court held that "[i]f a party is informed that evaluations, tests, therapy session notes, or any other information will be disclosed to his or her employer, that party cannot have a reasonable expectation of privacy.  *Id.* at 887 (citing *Scott v. Edinburg,* 101 F. Supp. 2d 1017, 1020 (N.D. Ill. 2000)(allowing discovery of psychologist's records, because the police officer was informed that the records could be shared with the police department or subpoenaed during future litigation); *Kamper v. Gray*, 182 F.R.D. 597, 599 (E.D. Mo. 1998) (holding that police officer had no reasonable expectation of privacy, because "he was aware that his evaluations would be reported to his employer")).

The court therefore applies the balancing test as set out in *Martinelli* with respect to discovery of confidential information supplied voluntarily by Defendant Pusedu as part of his psychological testing as a candidate for employment in the law enforcement field.  Defendant Pusedu objects to providing documentation concerning the test and the test itself to Plaintiff in discovery, citing confidentiality.  In applying *Marinelli*, the court must consider, (1) if Defendant Pusedu has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner.  *Martinelli,* 612 P.2d at 1091.

The court has addressed the diminished, but still viable, expectation of Defendant Pusedu that candid information concerning his psychological health would not be shared with the public at large, but would be instead confined to use to determine his fitness to work as a law

enforcement officer.  There is a state interest in protecting this information to encourage candor among participants.  However, there is an even more compelling interest in the public's right to rely upon proper evaluation of individuals applying to become law enforcement officers and who will have both the authority and means to police the citizenry.  Whether or not Sheriff Taylor properly protected that interest when he hired and retained Defendant Pusedu in a law enforcement environment reflects that interest at stake here.

Plaintiff has presented evidence showing that as a result of the pre-screening evaluation, together with a background investigation, Sheriff Taylor should have been aware that Defendant Pusedu may have had existing issues with honesty and integrity, his ability to function in the law enforcement employment context, and his ability to comply with laws and rules.  (Doc. No. 67, Ex. 1, FILED UNDER RESTRICTION.)  From the same document it would appear that Sheriff Taylor was or should have been aware that Defendant Pusedu had a history concerning domestic violence and dealing with restraining orders.

The court has entered the parties' Stipulated Protective Order in this case protecting confidential information.  [Doc. No. 25.]  All that is required to protect confidential information is that the information be produced with a designation that it is confidential.  So long as that it accomplished, the distribution and use of the information will be highly limited.  The court finds that this is sufficient to satisfy the "least intrusive manner" factor of the *Martinelli* test.

This court finds that the potential value of the information sought outweighs the Defendant's limited privacy rights in the context of the allegations in this case and the incidents documented in Plaintiff's restricted filings.

Therefore, the Motion is GRANTED with respect to production of Defendant Pusedu's pre-employment psychological evaluation. Defendant shall produce the evaluation within 7 days of this order.

### B.   *2020 Psychological Fitness-for-Duty Evaluation.*

In early January 2020, some two years after the events involving Plaintiff, Defendant Pusedu was "written up" by a sergeant in the Sheriff's Department in connection with a citizen contact.[3] Defendant Pusedu was placed on paid suspension pending the investigation. (Doc. No. 67, Ex. 4.) Defendant Pusedu was ordered to undergo a fitness for duty psychological evaluation[4] [5] and was ordered to complete mandated counseling with a therapist[6] and successfully complete a second fitness for duty psychological examination before he would be allowed to resume law enforcement duties. During his suspension Defendant Pusedu, however, admittedly made inflammatory and threatening comments on social media which drew the ire of his employer. After further investigation, Defendant Pusedu's employment was ultimately terminated. (Doc. No. 67, Ex. 6.)

Under the circumstances of this last psychological evaluation, the court concludes that the fitness for duty examination in which Defendant Pusedu took part in the early part of 2020 is

---

[3] There were several additional incidents involving Defendant Pusedu between the encounter with Plaintiff complained of herein and this last incident in January 2020 upon which there is no need to further elaborate in this Order.

[4] A pre-employment screening test is not the same as a "fitness for duty" evaluation. The fitness for duty evaluation usually is compelled after a law enforcement officer has been involved in some behavior which could call his fitness for duty into question during the period of employment.

[5] The test was administered by Dr. Evan Axelrod on March 19, 2020. (Doc. No. 67, Ex. 5.)

[6] Defendant Pusedu did attended the requisite counseling sessions with a Licensed Professional Counselor; the counseling was not with Dr. Axelrod.

also not subject to the psychotherapist-patient privilege.  The test was administered after an incident involving a suspect in an investigation and was not for the purpose of gaining counseling or obtaining treatment for any disorder.[7]  The test was administered by a mental health professional who did not actually work with Defendant Pusedu in counseling after the examination.

Again, then, the court analyzes the production under the *Martinelli* balancing test.  Here the court finds that balancing the relevant factors renders a different result from the pre-employment evaluation analysis.  First, the test occurred two years after the incident involving Plaintiff.  As far as the allegations against Mr. Taylor, the attenuation renders the information largely irrelevant.  The harm to Plaintiff by Sheriff Taylor's responses to Defendant Pusedu's testing and behavior came about before the January 23, 2018 events, when Sheriff Taylor's actions, or lack thereof, might have prevented Defendant Pusedu from having access to Plaintiff at the time of the incident.  And while the pattern of behavior exhibited by Defendant Pusedu through other evidence adduced through discovery is relevant, the actual test and medical findings for an evaluation done two years after Plaintiff's alleged injury is far less probative.

Plaintiff argues that the test/report/findings are also relevant to Defendant Pusedu's credibility as a witness.  There are a number of incidents set forth by Plaintiff in the restricted filings that may reflect on the credibility of Defendant Pusedu; however, there is no reason to believe that a psychological fitness for duty examination administered as a result of Defendant Pusedu's encounter with an unrelated suspect in a different context and environment would shed

---

[7] Plaintiff has not asked for production of any notes or records of the counselors or psychologists who may have been working with Defendant Pusedu in 2020.

any light on credibility issues beyond that already in Plaintiff's possession.  Plaintiff is privy to facts of Defendant Pusedu's termination from the Sheriff's Department and to the <u>results</u> of the testing about which he seeks further documentation.[8]  Given Defendant Pusedu's general expectation of privacy concerning his mental health records – which is heightened over the expectations associated with pre-employment testing – and the lack of any compelling state interest in release of the actual test and associated reports/records, the court concludes that the balancing here counsels against production of the fitness for duty psychological examination administered in 2020.

"Plaintiff's Motion to Compel Discovery" is DENIED with respect to the request for documentation concerning the 2020 examination.

### C.       Appendix of Documents Not Yet Produced.

Defendants have not voiced any objection to production of Items 1-12 following the informal discovery conference in which the parties engaged on August 24, 2020.  Further, Defendants stated in their Response (obviously without benefit of Exhibit 9 which was later attached to the Reply) that the only issues left for resolution were production of the pre-employment psychological testing and the fit for duty psychological testing occurring in 2020. To the extent the documents requested concern other investigations concerning Defendant Pusedu, and presuming that the documents are in possession of the Defendants or the Sheriff's Department, they should be produced absent other objection.  *Denver Policemen's Protective Ass'n*, 660 F.2d at 435.

---

[8] Several of the investigator's reports were shared with the court under restriction as part of the restricted briefing herein.

For the reasons set forth herein, it is **ORDERED**

Plaintiff's Motion to Compel Discovery" [Doc. No. 51] is **GRANTED in part and DENIED in part**.  The Motion is **GRANTED** with respect to production, under the Protective Order entered in the case, of the pre-employment psychological screening tests and evaluation of Defendant Pusedu.  Documents will be produced on or before November 20F, 2020.  The motion is **DENIED** with respect to production by Defendants of the fit for duty psychological testing administered to Defendant Pusedu in 2020.

Dated November 13, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge